## SUPREME COURT—IN BANCO.

*Allen, Ch. J., Davis, J.*

DAVID KALAKAUA AND OTHERS, PLAINTIFFS IN ERROR, *vs.* C. C. HARRIS, ADMINISTRATOR OF THE ESTATE OF THE HON. LEVI HAALELEA, WITH THE WILL ANNEXED, DEFENDANT IN ERROR.

WRIT OF ERROR does not lie in causes for which APPEALS lie. PETITION FOR REVIEW might be granted if failure to perfect APPEAL were due to no laches and not from misapprehension of parties or the lower Court.

Chief Justice ALLEN gave the following decision:

The writ of error was issued in this case to reverse the judgment of First Associate Justice ROBERTSON, sitting as a Judge of Probate.

The judgment was rendered on an application to vacate the probate of a Will made in 1855, on the ground of forgery.

By the provisions of the Civil Code, the petitioners had the right of appeal to the Supreme Court, and the first question which arises in this case is, will a writ of error lie when the party had a right of appeal? It is the policy of the law to give prompt and ample remedy in all cases; hence it provides that in cases of this character an appeal must be perfected within ten days, and then on application of either party, a day will be immediately assigned for hearing, unless it is a case for a jury, when it may be entered the ensuing term.

The whole case upon the law and evidence is open for a re-hearing before another tribunal.

Whereas a writ of error may be applied for at any time within six months from the date of the judgment, unless the same has in the meantime been satisfied. This delay is a source of great inconvenience to parties, and more especially in cases of this character. The will was proved in 1855, and after this lapse of time a hearing has been had on application to vacate the probate of the will, and instead of perfecting an appeal, a writ of error is applied for, which makes an additional delay in the settlement of the estate. The inference is palpable. It causes the additional delay and expense to parties, for were the writ sustained, the case is not settled, but remanded for a new trial before the same court, and then an appeal is open to this Court.

This is not a reasonable construction of the statute, and in this opinion we are sustained by ample authorities.

Chief Justice Parsons says, in the case of Savage & Gullein,

in error, 4 Mass. 177, that "the statute in giving appeal, has in our opinion taken away, by a reasonable implication, the remedy by error, unless in cases where the aggrieved party without any laches on his part could not avail himself of an appeal. But if it appears on record that the plaintiffs in error might have appealed, the court will *ex-officio* quash the writ."

We are of opinion that the Code in providing a remedy makes it imperative that it should be followed.

After final judgment, remedy by error may be resorted to, if sufficient cause existed, so that in all cases when the party aggrieved had opportunity and might have appealed, he can have no remedy by writ of error.

This construction has been sustained uniformly whenever the remedy by appeal has been provided by statute.

There may be cases when the Court would grant an application for review if it should appear that a party had not had justice done him, and his not perfecting an appeal had arisen not from his own laches, but from the misapprehension of the parties, and of the lower courts. The other points made in the case by counsel, it is unnecessary to consider.

The Court are of opinion that this writ of error is not maintainable, and that the plaintiff in error take nothing by his writ. They adjudge costs to the defendant.

W. C. Jones for plaintiffs in error.

C. C. Harris for defendant in error.

Honolulu, March 12th, 1867.